IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JOSE DIAZ, | ) | CV. NO. 12-00123 JMS/RLP |
|---|---|---|
| | ) | CR. NO. 06-00406 JMS |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING |
| vs. | ) | COMPLAINT WITHOUT |
| | ) | LEAVE TO AMEND |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**

**I. INTRODUCTION**

On February 2, 2012, pro se inmate Jose Diaz ("Diaz") filed a Motion for Return of Property Pursuant to Rule 41(g) ("Motion for Return of Property"). Specifically, Diaz seeks the return of $14,873 seized by Drug Enforcement Administration agents upon his May 7, 2005 arrest in Stanislaus County, California. The government filed an opposition on February 27, 2012. The court, construing the Motion for Return of Property as a civil complaint and subject to

///

///

///

the Federal Rules of Civil Procedure,[1] screens the Complaint pursuant to 28 U.S.C. § 1915A and DISMISSES it without leave to amend.

## II. BACKGROUND

On August 2, 2006, Diaz was charged in a three count Information with: 1) conspiracy to possess with intent to distribute in excess of 50 grams of methamphetamine, its salts, isomers, and salts of its isomers (count 1); 2) criminal forfeiture, seeking the forfeiture of $30,200 seized on October 18, 2004 from a mail parcel addressed to Defendant's address (count 2); and 3) criminal forfeiture, seeking the forfeiture of $14,873 seized on May 7, 2005 from Defendant's residence (count 3).[2]

On that same day, Diaz waived his right to grand jury indictment and entered pleas of guilty to all three counts of the Information pursuant to a Plea

---

[1] Because Diaz' criminal case is no longer pending, the Motion for Return of Property is construed as a civil complaint seeking equitable relief, and subject to the Federal Rules of Civil Procedure. *See United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003) ("If a Rule 41[(g)] motion is filed when no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief."); *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (finding that when no criminal case is pending, a Rule 41(g) motion is governed by the Federal Rules of Civil Procedure).

[2] In this screening order, the court takes judicial notice of the filings in Diaz' underlying criminal case, *United States v. Diaz*, Cr. No. 06-00406 JMS. *See Reyn's Pasta Bella v. Visa USA*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (finding that the court "may take judicial notice of filings and other matters of public record").

Agreement.[3] In the Plea Agreement, Diaz consented and agreed to the forfeiture of the $14,873 seized on May 7, 2005. Plea Agreement ¶¶ 6, 7C. During the change of plea hearing, Diaz confirmed under oath that he understood count 3. When asked by the court if he had any questions regarding the forfeiture, Diaz' counsel stated that "[h]e just had a question about what was going to happen to the money. I told him the money would be lost, would be turned over to the government." Doc. No. 57 at 14. Upon further questioning, Diaz then affirmed that he understood that by pleading guilty, he was "giving up any rights" that he may have to the $14,873. *Id*. Later, Diaz explained that he had purchased a horse with the proceeds of the drug conspiracy, and that the $14,873 represented the proceeds from the sale of the horse. *Id*. at 38-39.

This court entered a Preliminary Order of Forfeiture on November 6, 2007. That Order states in part that, "[p]ursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment." Preliminary Order of Forfeiture at 3, Doc. No. 28 at 3.

---

[3] In return for entering pleas of guilty to the three-count Information, the United States agreed to dismiss an earlier filed Superseding Indictment against Diaz.

Diaz was sentenced on October 6, 2008. On that same date, the court entered a Final Order of Forfeiture. Doc. No. 64. At that time, all "right, title and interest" in the $14,873 vested in the United States. *Id*.

### III. ANALYSIS

**A.  Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

4

(2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).

Plaintiff is appearing pro se; consequently, the court liberally construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

**B.     The Complaint Is Dismissed Without Leave to Amend**

Diaz claims that the $14,873 "was illegally seized by the DEA agents" and it was his "understanding through defense counsel that the funds would be returned to him. . . ." Motion for Return of Property at 2. Court records conclusively prove, however, that the money was lawfully forfeited to the United States, leaving Diaz with no possessory interest in the funds.

Federal Rule of Criminal Procedure 41(g) states in part that, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "Absent a showing that the individual requesting return of property under Rule 41[(g)] is entitled to its

5

lawful possession, the property may not be released to him." *United States v. Van Cauwenberghe*, 827 F.2d 424, 434 (9th Cir. 1987). A corollary rule necessarily follows -- "[i]t is well-settled that the federal government may defeat a Rule 41[(g)] motion by demonstrating that the property is subject to federal forfeiture." *United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996); *see also United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991).

Diaz' knowing plea to the forfeiture of the $14,873 and the subsequent Final Order of Forfeiture conclusively show that Diaz lacks any possessory interest in the funds. They were lawfully forfeited, vesting the United States with all right, title and interest in the funds.

The court therefore DISMISSES the Motion for Return of Property for failure to state a claim. Because the funds that Diaz seeks have been lawfully forfeited by the United States, this dismissal is "not caused by insufficient allegations of factual content," such that "no potential amendments would change the outcome." *Mirmehdi v. United States*, 662 F.3d 1073, 1082 (9th Cir. 2011). In short, further amendment would be futile. Accordingly, the dismissal is without leave to amend.

///

///

## IV. CONCLUSION

For the reasons stated above, the court DISMISSES the Complaint without leave to amend. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 1, 2012.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Diaz v. United States*, Cv. No. 12-00123 JMS/RLP, Cr. No. 06-00406 JMS;  Order Dismissing Complaint Without Leave to Amend